**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, a Maryland Corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL FACILITY, and

DOMINION CORRECTIONAL SERVICES LLC, an Oklahoma Corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL FACILITY,

                              Defendants.

**COMPLAINT and JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is a public enforcement action to correct (1) the unlawful pattern or practice of maintaining a hostile work environment based on gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and (2) the unlawful pattern or practice of retaliating against employees for complaining about discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3 and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  This action seeks to provide appropriate relief to Marcia Manchego, Christine Newland, Sabinitha Baron, and similarly situated individuals adversely affected by such practices.  Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"),

1

contends Defendants, Correctional Corporation of America, Inc., d/b/a Crowley County Correctional Facility (hereafter, "CCA") and Dominion Correctional Services, Inc. d/b/a Crowley County Correctional Facility (hereafter, "Dominion") have discriminated against Charging Parties and similarly situated individuals, because of their gender, female, by subjecting them to sexual harassment and a hostile work environment, by failing to take prompt remedial action intended to eliminate the sexual harassment, and by retaliating against Manchego, Newland and similarly situated individuals for complaining about or opposing the hostile work environment, all in violation of Title VII.

## JURISDICTION AND VENUE

1.Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704, 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3, 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.The female employees who filed the charges of discrimination with the EEOC hereafter will be referred to as "Manchego," "Newland," and "Baron" or collectively as "Charging

Parties."

5.  The Crowley County Correctional Facility is a prison located at Olney Springs, Colorado, and began operations in approximately 1998.

6.  From December 2000 until January 2003, Defendant Dominion Correctional Services, an Oklahoma corporation, operated Crowley County Correctional Facility.

7.  In or around January 2003, Defendant Corrections Corporation of America purchased or assumed the assets and liabilities of Dominion, and accordingly is liable for all claims that Plaintiff may have against Dominion.  CCA currently operates the facility.

8.  At the times relevant to the allegation in this complaint, Crowley County Correctional Facility was operated and controlled by Defendants Dominion or CCA.

9.  At the times relevant to the allegations in this complaint, Dominion was a corporation, incorporated in the State of Oklahoma, licensed to do business within the state of Colorado.

10.  At the times relevant to the allegations in this complaint, Dominion employed at least 15 employees

11.  At the times relevant to the allegations in this complaint, CCA was a corporation, incorporated in the State of Maryland, licensed to do business within the state of Colorado.

12.  At the times relevant to the allegations in this complaint, CCA employed at least 15 employees.

13.  At all relevant times, Defendant CCA has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h). CCA.

14.  At all relevant times, Defendant Dominion has continuously been an employer engaged

in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h). CCA.

15.     From about January 2003, Defendant CCA was the employer of the employees working at Crowley County Correctional Facility within the meaning of Title VII, 42 U.S.C. §§ 2000e.

16.     From December 2000 until January 2003, Defendant Dominion was the employer of the employees working at Crowley County Correctional Facility within the meaning of Title VII, 42 U.S.C. §§ 2000e.

## STATEMENT OF CLAIMS

17.     More than thirty days prior to the institution of this lawsuit, Marcia Manchego, Christine Newland, and Sabinitha Baron, employees at Crowley County Correctional Facility during the relevant times, filed charges of discrimination with the EEOC alleging violations of Title VII by Defendants.  All conditions precedent to the institution of this lawsuit have been fulfilled.

**First Claim:  Gender-Based Hostile Work Environment and Sexual Harassment**

18.     Since at least 2000, Defendant Dominion, and since at least 2003 Defendant CCA, have engaged in unlawful employment practices at Crowley County Correctional Facility, in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by allowing its employees, including but not limited to management level officials, to sexually harass Manchego, Newland, Baron, and a class of other similarly situated female employees.  This harassment altered the terms and conditions of employment and created a hostile work environment for Manchego, Newland, Baron, and a class of other similarly situated female employees.

19.     Male managers and correctional officers participated in harassing conduct toward female employees and fostered a sexual and gender-based hostile work environment in which male

managers and co-workers were encouraged to harass and retaliate against female employees.

20. The unlawful sexual harassment and gender-based harassment involved repeated, serious, verbal and physical harassment of the female employees, which included, but was not limited to, the following conduct:

    (a) Starting with the interviewing process of new hires, male supervisors made comments about whether or not to hire a prospective female employee based upon her attractiveness, whether she might be "easy to get to bed," or whether she might be easily manipulated.

    (b) Females who resisted sexual activity suffered consequences, including without limitation: hostile and demeaning verbal and physical advances, undesirable and even dangerous shift assignments, and reduced opportunities for advancement.

    (c) Female employees were routinely groped, pawed, and physically assaulted by male management and male co-workers.

    (d) The retaliatory atmosphere against women who reported sexual harassment or who supported others who complained of rights protected under Title VII contributed to and perpetuated the hostile work environment.

21. The offensive sexual conduct was sufficiently severe or pervasive as to alter the terms and conditions of employees subjected to the conduct.

22. The sexual harassment in the work place created a hostile work environment based on gender.

23. Defendants were aware of the sexual harassment and aware that some managers participated in the harassment.

24. Defendants engaged in a continuing pattern or practice of tolerating and fostering a sexually hostile work environment.

25. Defendants failed to take reasonable measures to prevent and promptly remedy sexual harassment in the workplace.

26. The effect of the events and conduct described above, including the sexual harassment by managers and Defendants' failure to promptly and adequately respond to employee complaints of sexual harassment and to correct sexual harassment of which it was aware, has been to deprive Manchego, Newland, Baron, and other similarly situated employees of equal employment opportunities.

27. The unlawful employment practices described above were intentional.

28. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Manchego, Newland, Baron, and other similarly situated employees.

## Second Claim:  Retaliation

29. Plaintiff realleges and incorporates the foregoing paragraphs of this Complaint.

30. Since at least calendar year 2000, Defendant Dominion, and since at least calendar year 2003, Defendant CCA, have engaged in unlawful employment practices at Crowley County Correctional Facility, in violation of section 704(a) of Title VII, 42 U.S.C. §2000e-3, by allowing its male employees, including but not limited to management level officials, to retaliate against Manchego, Newland, and other similarly situated female employees who complained of discrimination or refused to participate in or acquiesce to the hostile work environment.  This retaliation altered the terms and conditions of employment for Manchego, Newland, and other

similarly situated female employees for complaining about sexual harassment or for supporting rights protected under Title VII.

31.     Newland engaged in protected activities in that she opposed the sexual harassment and complained to the highest Dominion and CCA managers at Crowley about the sexual harassing conduct of the Chief of Security and of the pattern or practice of sexual harassment.

32.     Manchego engaged in protected activities in that she supported the complaint of a female supervisor about sexual harassment and retaliation.

33.     The retaliatory acts directed at Manchego, Newland, and similarly situated female employees included, but were not limited to conduct as set forth below:

(a) subjecting Manchego, Newland, and other similarly situated female employees to increased scrutiny on the job after they voiced complaints of harassment and/or retaliation;

(b) failing to investigate internal claims of harassment and retaliation, and thus contributing to the perpetuation of a pervasive and severe hostile work environment;

(c) making false charges against Manchego, Newland, and other similarly situated female employees in order to justify retaliatory discipline, discharge, or refusal to allow the individual to return to work;

(d) publicizing the claims brought by Manchego, Newland, and other similarly situated female employees to other male managers and male co-workers, which resulted in ostracism and hostile actions by their male supervisors and male coworkers;

  (e) assigning Newland and similarly situated females to substantial changes in their work assignments, including lack of support with inmates that exposed them to the risk of physical harm;

  (f) assigning Newland and similarly situated females to isolated areas to perform work assignments with their alleged harassers, thereby exposing them to actual and threatened physical abuse by their male harassers.

34.  Defendants failed to take reasonable measures to prevent retaliation against Manchego, Newland, and similarly situated female employees.

35.  Defendants retaliated against Manchego, Newland, and similarly situated female employees for complaining about the sexual harassment or for engaging in other Title VII protected activities, and/or to deter other female employees from exercising rights protected by Title VII.

36.  The effect of the continuing pattern or practices complained of in the paragraphs above has been to deprive Manchego, Newland, and similarly situated females of equal employment opportunities based their Title VII protected activities.

37.  The continuing unlawful pattern or practices complained of in the paragraphs above were intentional.

38.  The continuing unlawful pattern or practices complained of in the paragraphs above were done with malice or with reckless indifference to the federally protected rights of Manchego, Newland, and similarly situated female employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants CCA and Dominion, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment policy or practice which creates a sexually or retaliatory hostile work environment or otherwise discriminates on the basis of sex or retaliates in response to Title VII protected activities;

B.    Order Defendants CCA and Dominion to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past unlawful employment practices, including retaliation;

C.    Order Defendants CCA and Dominion to make whole Manchego, Newland, Baron and similarly situated females by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.    Order Defendants CCA and Dominion to make whole Manchego, Newland, and similarly situated former employee employees, by reinstating them in their previously held positions or the equivalent thereof or, in the alternative, by providing appropriate front pay in amounts to be determined at trial;

E.    Order Defendants CCA and Dominion to make whole Manchego, Newland, Baron, and other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

F.  Order Defendants CCA and Dominion to make whole Manchego, Newland, Baron, and other similarly situated individuals, by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

G.  Order Defendants CCA and Dominion to pay Manchego, Newland, Baron, and other similarly situated individuals punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

H.  Order Defendants CCA, Dominion, to provide training to its officers, managers and employees regarding discriminatory harassment and retaliation in the workplace;

I.  Grant such further relief as the Court deems necessary and proper in the public interest; and

J.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 29th day of September, 2006.

    Respectfully submitted,

    RONALD S. COOPER
    General Counsel

    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    1801 L Street, N.W.
    Washington, D.C. 20507

    MARY JO O'NEILL
    Regional Attorney
    Phoenix District Office

*s/ Nancy A. Weeks*
NANCY A. WEEKS
Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Ave., Suite 510
Denver, CO 80203
nancy.weeks@eeoc.gov
303-866-1947

*s/ Lynn L. Palma*
LYNN L. PALMA
Senior Trial Attorney
lynn.palma@eeoc.gov
303-866-1347

11

Case 1:06-cv-01956-KHV-MJW   Document 1   Filed 09/29/2006   USDC Colorado   Page 11 of 11