**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01956-EWN-MJW

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                                                                   Plaintiff,

and

SABINITA BARRON, MARCIA
MANCHEGO and CHRISTINE
NEWLAND,                                                                                            Intervenors,

**v.**

CORRECTIONS CORPORATION OF
AMERICA, a Maryland Corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL
FACILITY, and

DOMINION CORRECTIONAL SERVICES,
LLC, a Delaware Corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL
FACILITY; DOMINION CORRECTIONAL
PROPERTIES, LLC, d/b/a CROWLEY
COUNTY CORRECTIONAL FACILITY;
and DOMINION VENTURE GROUP,
d/b/a CROWLEY COUNTY
CORRECTIONAL FACILITY,                                                       Defendants.

---

**AMENDED COMPLAINT IN INTERVENTION**

---

**COME NOW** Sabinita Barron, Marcia Manchego and Christine Newland ("Intervenors"), by and through their attorneys, Roseman & Kazmierski, LLC, and, for an Amended Complaint in Intervention against Defendants and each of them, state and allege as follows:

**JURISDICTION AND VENUE**

**1.**     This Court has jurisdiction over Intervenors' claims of sex discrimination and retaliation pursuant to 42 U.S.C. § 2000e-5(f)(3) and pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

**2.**     Venue herein is proper under 42 U.S.C. § 2000e-5(f)(3). Intervenors' claims of sex discrimination and retaliation arose within the District of Colorado.

3.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America that is charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      Each Intervenor is a female citizen of the United States.  At all times pertinent hereto, each Intervenor was employed by one of the Defendants.

5.      Each Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e-5(b).  At all  times pertinent hereto, each Defendant engaged in an industry affecting commerce and had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## JURISDICTIONAL REQUIREMENTS

6.      Each Intervenor timely filed one or more charges of sex discrimination that satisfied the requirements of 42 U.S.C. § 2000e-5(b) with Plaintiff.  Each such charge was filed within three hundred (300) days after the most recent of the unlawful employment actions alleged therein.

7.      Plaintiff named Intervenors in its Amended Complaint.

## FIRST CLAIM FOR RELIEF

For a First Claim for Relief against Defendants and each of them, Intervenors adopt and incorporate by reference herein the allegations contained in Paragraphs Nos. 1 through7, inclusive, of this Amended Complaint in Intervention, and further state and allege as follows:

8.      Intervenors hereby join in and adopt the Amended Complaint filed by Plaintiff in this case, as if recited in its entirety herein.

9.      Defendants Dominion Correctional Services, LLC, Dominion Correctional Properties, LLC and Dominion Venture Group ("Dominion"), violated 42 U.S.C. § 2000e-2(a)(1) by discriminating against Intervenor Barron because of her sex.  As a direct and proximate result of such actions, Intervenor Barron has been, is, and in the future will be deprived of income in the form of wages and prospective retirement benefits and other benefits due her as an employee, in a sum to be proven at trial.

-3-

10. Defendant Corrections Corporation of America ("CCA") violated 42 U.S.C. § 2000e-2(a)(1) by discriminating against Intervenor Manchego because of her sex. As a direct and proximate result of such actions, Intervenor Manchego has been, is, and in the future will be deprived of income in the form of wages and prospective retirement benefits and other benefits due her as an employee, in a sum to be proven at trial.

11. Defendants and each of them violated 42 U.S.C. § 2000e-2(a)(1) by discriminating against Intervenor Newland because of her sex. As a direct and proximate result of such actions, Intervenor Newland has been, is, and in the future will be deprived of income in the form of wages and prospective retirement benefits and other benefits due her as an employee, in a sum to be proven at trial.

12. In addition, as a direct and proximate result of such actions, each Intervenor has suffered and continues to suffer severe emotional distress.

13. Further, Defendants and each of them engaged in the said discriminatory practice or practices with malice or with reckless indifference to Intervenors' federally protected rights. As a result, each Intervenor is entitled to recover, and should recover, punitive or exemplary damages from the Defendant or Defendants that engaged in the said discriminatory practice or practices with malice or with reckless indifference to her federally protected rights..

## SECOND CLAIM FOR RELIEF

For a Second Claim for Relief, Intervenors adopt and incorporate by reference herein the allegations contained in Paragraphs Nos. 1 through 13, inclusive, of this Amended Complaint in Intervention, and further state and allege as follows:

14. Defendants Dominion violated 42 U.S.C. § 2000e-3(a) by discriminating against Intervenor Barron because she opposed one or more employment practices that she believed in good faith to constitute sex discrimination and/or because she filed a charge of employment discrimination with Plaintiff.

15. Defendant CCA violated 42 U.S.C. § 2000e-3(a) by discriminating against Intervenor Manchego because she opposed one or more employment practices that she believed in good faith to constitute sex discrimination and/or because she filed a charge of employment discrimination with Plaintiff.

**16.** Defendants and each of them violated 42 U.S.C. § 2000e-3(a) by discriminating against Intervenor Newland because she opposed employment practices that she reasonably believed to constitute sex discrimination and/or because she filed a charge of employment discrimination with Plaintiff.

**17.** As a direct and proximate result of such actions, each Intervenor has been, is, and in the future will be deprived of income in the form of wages and prospective retirement benefits and other benefits due her as an employee, in a sum to be proven at trial.

**18.** In addition, as a direct and proximate result of such actions, each Intervenor has suffered and continues to suffer severe emotional distress.

**19.** Further, Defendants and each of them engaged in the said discriminatory practice or practices with malice or with reckless indifference to each Intervenor's federally protected rights. As a result, each Intervenor is entitled to recover, and should recover, punitive or exemplary damages from the Defendant or Defendants that engaged in the said discriminatory practice or practices with malice or with reckless indifference to her federally protected rights.

**WHEREFORE**, Intervenors respectfully prays that this Court:

**A.** Issue a declaratory judgment that the acts, policies, practices, and procedures of Defendants and each of them set forth in the Amended Complaint in Intervention herein violated and continue to violate Intervenors' rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*;

**B.** Order Defendants Dominion to pay Intervenor Barron back pay, reimbursement for lost pension and other benefits and expenses, and the present value other future lost earnings and future lost pension and other benefits and expenses, in an amount to be shown at trial;

**C.** Order Defendant CCA to make Intervenors Manchego and Newland whole by reinstating her to her former position with it, providing appropriate back pay and reimbursement for lost pension and other benefits and expenses, in an amount to be shown at trial; and, should this Court determine that reinstatement is not a practicable option for either Intervenor Manchego or Newland, to pay such Intervenor back pay, reimbursement for lost pension and other benefits and expenses, and the present value other future lost earnings and future lost pension and other benefits and expenses, in an amount to be shown at trial;

-5-

      **D.**    Enter judgment in favor of Intervenors and against Defendants and each of them for compensatory and punitive damages, in an amount to be shown at trial;

      **E.**    Grant to each Intervenor any attorney's fees she may incur, plus her costs, expert witness fees, disbursements, and pre - and post-judgment interest; and

      **F.**    Grant such other and additional relief as may to this Court seem proper

Respectfully submitted,

ROSEMAN & KAZMIERSKI, LLC

s/Barry D. Roseman
BARRY D. ROSEMAN
1120 Lincoln Street, Suite 1607
Denver, Colorado 80203
Telephone: (303) 839-1771
FAX: (303) 861-9214
E-mail: broseman@nela.org

Attorneys for Intervenors

**INTERVENORS DEMAND TRIAL BY JURY
ON ALL ISSUES SO TRIABLE RAISED HEREIN**

Address of Intervenor Sabinita Barron:

1104 Virginia Drive
Rocky Ford, CO 81067

Address of Intervenor Marcia Manchego:

15153 County Road E.25
Ordway, CO 81063

Address of Intervenor Christine Newland:

2505 Verde Drive, Apt. 335
Colorado Springs, CO 80910

-6-

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on the tweney-second day of January 2007, a true and correct copy of the above and foregoing Amended Complaint in Intervention was sent via CM/ECF electronic filing, addressed to the following parties:

| | |
|---|---|
| Lynn L. Palma, Esq. | Colleen M. Rea, Esq. |
| Nancy A. Weeks, Esq. | Peter F. Munger, Esq. |
| EEOC Field Office | John C. Lowrie, Esq. |
| 303 East 17th Avenue, Suite 510 | Ford & Harrison, LLP |
| Denver, CO 80203 | 1675 Broadway, Suite 1250 |
| | Denver, CO 80202 |

      s/Jessica E. Floyd
      Jessica E. Floyd