IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01956-EWN-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, et al.,

Defendants.

---

### ORDER REGARDING
### PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER RE: 30(B)(6) DEPOSITION OF THE EEOC (DOCKET NO. 125)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Plaintiff EEOC's Motion for Protective Order Re: 30(b)(6) Deposition of the EEOC (docket no. 125). The court has reviewed the motion (docket no. 125) and the response thereto (docket no. 134). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff EEOC requests that this court enter a protective order that prohibits Defendant CCA from taking the Rule 30(b)(6) deposition of the EEOC. The deposition topics contained in Defendant CCA's Rule 30(b)(6) notice of deposition to Plaintiff

EEOC outlines the areas of inquiry requested by Defendant CCA.

Here, the court finds that such topics contained in the Defendant CCA's Rule 30(b)(6) notice of deposition to Plaintiff EEOC seek information that is reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26(b)(1).  The court notes that Plaintiff EEOC has filed a class action complaint that alleges a pervasive pattern or practice of sexual harassment, hostile work environment, gender discrimination, and retaliation existed at the prison from December 2000 forward.  *See* amended complaint at p. 1-2 and paragraphs 18-28, 30-38 (docket no. 39).  Moreover, the Plaintiff EEOC is not exempt from a Rule 30(b)(6) deposition. EEOC v. Citizens Banks & Trust Co., 117 F.R.D. 366, 366 (D. Md. 1987) ("[W]hen the Government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over . . . .").

The court further finds that Plaintiff EEOC's blanket assertions of attorney-client privilege, deliberative process privilege, and work product doctrine are premature. United States v. Hodgson, 492 F.2d 1175, 1177 (10th Cir. 1974) (holding that assertions of privilege must normally be raised "as to each record sought and each question asked so that . . . the court can rule with specificity.").  See EEOC v. Albertson's LLC, 2007 U.S. Dist. LEXIS 32003, at *5 (D. Colo. May 1, 2007) (holding that blanket assertions of privilege before any questions have been asked at a 30(b)(6) deposition are premature).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

1. That Plaintiff EEOC's Motion for Protective Order Re: 30(b)(6) Deposition of the EEOC (docket no. 125) is **DENIED**;

2. That the parties shall set the Rule 30(b)(6) deposition of Plaintiff EEOC;

3. That the discovery cut off date is extended for the limited purpose to December 31, 2007, to take the Rule 30(b)(6) deposition of Plaintiff EEOC. The Rule 16 Scheduling is amended consistent with this Order; and,

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 13th day of December 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE