UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 06-cv-01956-REB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

SABINITA BARRON,
MARCIA MANCHEGO, and
CHRISTINE NEWLAND,

    Intervenors,

v.

CORRECTIONS CORPORATION OF AMERICA, a Maryland corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL FACILITY, and
DOMINION CORRECTIONAL SERVICES, LLC, an Oklahoma corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL FACILITY,

    Defendants.

## ORDER DENYING DEFENDANT CCA'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

**Blackburn, J.**

    This matter is before me on **Defendant CCA's Motion for Partial Summary Judgment** [#182][1] filed March 21, 2008. The plaintiffs have filed a response [#219] and CCA has filed a reply [#228]. I deny the motion.[2]

---

[1] "[#182]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* FED. R. CIV. P. 56(c) and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th

## I.  JURISDICTION

I have subject matter jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II.  SUMMARY JUDGMENT - STANDARD OF REVIEW & ANALYSIS

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  ***Concrete Works***, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).  However, conclusory statements and

---

Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

I have reviewed the parties' voluminous briefs.  I find that there are genuine issues of material fact relating to the plaintiffs' claim against CCA.  Assuming *arguendo* that CCA may be entitled to judgment on certain claims, it is not mandatory that I grant partial summary judgment.  **See Powell v. Radkins**,  506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment).  The plaintiffs' claims are similar to each other, the theories of liability are intertwined, and the claims present concatenated issues of fact and law.  The piecemeal resolution of the issues raised by the parties will not simplify significantly or extenuate the evidence at trial.[3]

---

[3] I note that the parties have submitted over 325 pages of briefing addressing CCA's motion for partial summary judgment.  To the extent particular claims in this case may be ripe for summary judgment, the fact that any such claims are addressed in such a wide sea of verbosity makes it much less likely that any such individual claims efficiently can be segregated for individualized analysis.

### III.  ORDER

**THEREFORE, IT IS ORDERED** that **Defendant CCA's Motion for Partial Summary Judgment** [#182] filed March 21, 2008, is **DENIED**.

Dated March 12, 2009, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge