UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 06-cv-01956-REB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

SABINITA BARRON,
MARCIA MANCHEGO, and
CHRISTINE NEWLAND,

    Intervenors,

v.

CORRECTIONS CORPORATION OF AMERICA, a Maryland corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL FACILITY, and
DOMINION CORRECTIONAL SERVICES, LLC, an Oklahoma corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL FACILITY,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DOMINION DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the **Motion for Partial Summary Judgment of Defendants Dominion Correctional Services, LLC, Dominion Correctional Properties, LLC and Dominion Venture Group and Brief in Support Thereof** [#184][1]

---

[1] "[#184]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

filed March 21, 2008. I grant the motion in part, and I deny it in part.[2]

## I. JURISDICTION

I have subject matter jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II. SUMMARY JUDGMENT - STANDARD OF REVIEW & ANALYSIS

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light

---

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. **Geear v. Boulder Cmty. Hosp.**, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  PROPER DEFENDANT EMPLOYERS

In this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e (Title VII), the Equal Employment Opportunity Commission (EEOC) asserts claims on behalf of certain named individuals and similarly situated individuals.  In addition, three intervenor plaintiffs also assert Title VII claims against the defendants.  I will refer to the EEOC and the individual plaintiffs collectively as the plaintiffs.  In their motion for summary judgment, defendants Dominion Correctional Services, LLC (DCS), Dominion Correctional Properties, LLC (DCP), and Dominion Venture Group (DVG) (the Dominion defendants) argue that DCP and DVG are entitled to summary judgment because there is no evidence that either of them was an employer of any of the plaintiffs.  I agree.

The protections of Title VII apply only to discrimination against an employee by that person's employer.  ***See, e.g., Williams v. Meese***, 926 F.2d 994, 997 (10th Cir. 1991).  It is undisputed that DCS, DCP, and DVG are limited liability companies with independent legal identities.  The Dominion defendants argue that the plaintiffs were employed by DCS, but were not employed by DCP or by DVG.   DCP and DVG are not proper defendants in this Title VII case if they did not have an employment relationship

3

with the plaintiffs. The Dominion defendants have presented evidence that indicates that, at least on the surface, the plaintiffs were employed by DCS, and not by DCP and DVG.

In response to this argument, the plaintiffs note that for purposes of Title VII, two or more entities may constitute a single employer, if the nominally separate entities should be treated as an integrated enterprise. **Bristol v. Board of County Com'rs of County of Clear Creek**, 312 F.3d 1213, 1217 - 1218 (10th Cir. 2002). The plaintiffs argue that under the single employer test articulated in **Bristol**, DCS, DCP, and DVG should be treated as an integrated enterprise and that DCP and DVG are viewed properly as employers of the plaintiffs. **Bristol** is an *en banc* opinion of the United States Court of Appeals for the Tenth Circuit in which the court addressed in detail the application of the so-called joint employer test and single employer test for the purpose of determining the proper employer-defendant in an employment discrimination case.[3]

As the **Bristol** court noted, courts applying the single-employer test generally weigh four factors: (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control. The third factor, centralized control of labor relations, is the most important factor. *Id*. at 1220. The **Bristol** court noted the Fifth Circuit's observation that, in applying the single employer test, "courts have focused almost exclusively on one question: which entity made the final decisions regarding employment matters relating to the person claiming discrimination?" *Id*. (quoting **Skidmore v. Precision Printing & Packaging, Inc.**, 188

---

[3] **Bristol** addressed a claim under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213 (ADA), but applied the term "employer" as that term is defined in Title VII. **Bristol**, 312 F.3d at 1217.

4

F.3d 606, 617 (5th Cir. 1999)).  Ultimately, the **Bristol** court held that a if a named defendant lacks the "power to control the hiring, termination, or supervision of" a plaintiff-employee "or otherwise [to] control the terms and conditions of their employment," then that defendant is not an employer for the purpose of an employment discrimination claim.  **Bristol**, 312 F.3d at 1215, 1221.

In the present case, the plaintiffs do not argue that DCS, the record employer of the plaintiffs, was a subsidiary of or under the control of either DCP or DVG.  Rather, the plaintiffs argue that DCS, DCP, and DVG constitute an integrated enterprise because a fourth entity, Dominion Asset Services, LLC (DAS), exercised substantial control over DCS, DCP, and DVG, including providing human resources, payroll, purchasing, accounting, and other services to DCS, DCP, and DVG.  *Response*, p. 10.  Relevantly, DAS is not named as a defendant.

Viewing the facts in the record in the light most favorable to the plaintiffs, as I must, I conclude that DCP and DVG are entitled to judgment as a matter of law on the plaintiffs' Title VII claims.  The plaintiffs' evidence shows that DCS, DCP, and DVG are related entities and that, arguably, they are related based on their relationship with a fourth entity, DAS.  However, none of the evidence cited by the plaintiffs would permit a reasonable fact finder to conclude that either DCP or DVG had the"power to control the hiring, termination, or supervision of" the plaintiffs' employment, or otherwise to control the terms and conditions of their employment."  For similar reasons, I reject also the plaintiffs' brief arguments that DCP and DVG are proper defendants in this case because they were joint employers with DCS, or because they were agents, alter egos, or instrumentalities of DCS.  The plaintiffs have not come forward with sufficient evidence to support these theories.  Absent such evidence, DCP and DVG cannot

properly be viewed as employers of the plaintiffs.  If DCP and DVG were not employers of the plaintiffs, then DCP and DVG are not subject to the strictures of Title VII and are not proper defendants in this Title VII case.  **Bristol**, 312 F.3d at 1215, 1220 - 1221.  I grant the Dominion defendants motion for summary judgment as to DCP and DVG.

## IV.  PATTERN AND PRACTICE CLAIMS

The Dominion defendants argue also that they are entitled to summary judgment on the plaintiffs' claims that the defendants engaged in a pattern or practice of a hostile work environment based on gender and retaliation.  As discussed above, I have concluded that defendants DCP and DVG are entitled to summary judgment on other grounds.

As to defendant DCS, I have reviewed the parties' briefs related to the Dominion defendants' argument concerning the pattern and practice claims.  I find that there are genuine issues of material fact relating to the plaintiffs' pattern and practice claims against DCS.  Assuming *arguendo* that DCS may be entitled to judgment on certain claims, it is not mandatory that I grant partial summary judgment.  **See Powell v. Radkins**,  506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment).  The plaintiffs' claims are similar to each other, the theories of liability are intertwined, and the claims present concatenated issues of fact and law.  The piecemeal resolution of the issues raised by the parties will not simplify significantly or extenuate the evidence at trial.  I deny the Dominion defendants' motion for summary judgment concerning the pattern and practice claims.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion for Partial Summary Judgment of Defendants Dominion Correctional Services, LLC, Dominion Correctional Properties, LLC and Dominion Venture Group and Brief in Support Thereof** [#184] filed March 21, 2008, is **GRANTED** as to defendants Dominion Correctional Properties, LLC (DCP), and Dominion Venture Group (DVG);

2.  That the plaintiffs' claims against defendants, Dominion Correctional Properties, LLC (DCP), and Dominion Venture Group (DVG), are **DISMISSED** with prejudice;

3.  That defendants Dominion Correctional Properties, LLC (DCP), and Dominion Venture Group (DVG) are **DROPPED** from this action, and the caption of this case shall be **AMENDED** accordingly;

4.  That the **Motion for Partial Summary Judgment of Defendants Dominion Correctional Services, LLC, Dominion Correctional Properties, LLC and Dominion Venture Group and Brief in Support Thereof** [#184] filed March 21, 2008, is **DENIED** otherwise.

Dated March 12, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

7