IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01956-KHV-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                    Plaintiff,

and

SABINITA BARRON,
MARCIA MANCHEGO, and
CHRISTINE NEWLAND,

                    Intervenors,

v.

CORRECTIONS CORPORATION OF AMERICA, a Maryland corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL FACILITY, and

DOMINION CORRECTIONAL SERVICES LLC, an Oklahoma corporation, d/b/a
CROWLEY COUNTY CORRECTIONAL FACILITY,

                    Defendants.

---

## CONSENT DECREE

---

### I.      RECITALS

1.      The United States Equal Employment Opportunity Commission (the Commission or

EEOC) filed this action on September 29, 2006, against Corrections Corporation of America

("CCA") and  Dominion Correctional Services LLC ("Dominion") to enforce Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), and the Civil Rights Act of

1991, 42 U.S.C. § 1981a.  In its complaint, the Commission alleged that defendants (1) engaged

in an unlawful pattern or practice of maintaining a hostile work environment based on gender in violation of Title VII and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and (2) engaged in an unlawful pattern or practice of retaliating against employees for complaining about discrimination or otherwise engaging in protected activity in violation of Title VII and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission seeks appropriate relief for Marcia Manchego, Christine Newland, Sabinita Barron, and a class of similarly situated women who were adversely affected by such practices (hereafter referred to collectively as "class members"). EEOC contends that defendants discriminated against these individuals because of their gender, female, by subjecting them to sexual harassment and a hostile work environment, by failing to take prompt remedial action intended to eliminate sexual harassment, and by retaliating against Manchego, Newland, and a class of similarly situated women for complaining about a hostile work environment, all in violation of Title VII. On November 28, 2006, Sabinita Barron, Marcia Manchego, and Christine Newland moved to intervene in this matter. The court granted the motion to intervene on November 28, 2006.

2.       Defendants deny the allegations in this lawsuit and specifically deny all allegations that they unlawfully harassed or retaliated against any class member or intervenor and that they created or tolerated a hostile work environment in violation of Title VII. Defendants agree to the consent decree solely to avoid the cost and uncertainties of trial and to buy their peace. No statement in this agreement constitutes, nor should it be construed to constitute, an admission of wrongdoing.

3.       Defendant Dominion is defunct and not engaged in any business.

4.      The parties agree the court has jurisdiction over this action and waive their rights to a

hearing, the entry of findings of fact and conclusions of law, and a trial by jury.  This Court

shall retain jurisdiction over this action for the duration of the decree, during which the EEOC

may petition this court for compliance with this decree.  Should the court determine that either

defendant has not complied with this decree, appropriate relief may be ordered.

5.      The parties agree that this consent decree is fair, reasonable, equitable, and does not

violate the law or public policy.

6.      In the interest of resolving this action and as a result of comprehensive settlement

negotiations, the parties agree that this action should be finally and completely resolved in

accordance with the terms of this consent decree.

                THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED:

## II.      **GENERAL**

7.      This decree resolves all claims of the EEOC and intervenors against defendants in this

lawsuit, including, without limitation, claims for back pay, front pay, compensatory and

punitive damages, interest, injunctive and equitable relief, and attorney's fees and costs.  EEOC

and intervenors agree that they shall not appeal the summary judgment entered against them

and in favor of Dominion Correctional Properties, LLC and Dominion Venture Group on

March 12, 2009.

8.      Each party shall bear their own costs and attorney's fees incurred in this action, except

as otherwise stated in this decree.

9.      The parties agree to entry of this consent decree and judgment subject to final approval

by the court.

10.     This decree may be executed in more than one counterpart, each of which shall be deemed as original, but all of which shall constitute one and the same instrument.  In addition, facsimile signatures shall be deemed as valid as original signatures.

11.     Defendant Dominion agrees that it will not engage in the business of operating prisons in the State of Colorado for the term of this decree.

### III.    SCOPE AND DURATION

12.     Except as provided in paragraph 11 above, the geographical scope of this decree is limited to the Crowley County Correctional Facility in Olney Springs, Colorado ("CCCF").

13.     This decree takes effect upon the date it is entered by the court and expires of its own accord three years from the date the Court enters this decree or the date on which CCA no longer operates or manages the CCCF, whichever occurs sooner.

### IV.    MONETARY RELIEF

14.     Judgment is entered in favor of the EEOC and intervenors and against the defendants in the amount of one million three hundred thousand dollars ($1,300,000).  This amount includes payment for attorneys' fees incurred in this action.

15.     Defendants shall distribute the judgment amount separately to each class member by check and in accordance with the allocation set out in Exhibit A. The total amount due shall not exceed the amount of judgment in paragraph 14.  These payments represent settlement of all back pay, compensatory damages, and other monetary claims in this action and shall be distributed as set forth in the allocation provided by the EEOC.  Defendants shall make no deductions from the amounts set forth as compensatory damages.  Within the time period required by law, defendants shall issue United States Internal Revenue Service 1099 forms for

all payments designated as compensatory damages.  Defendant CCA will withhold taxes as required by law from amounts on Exhibit A designated as wages with respect to class members it employed.  Within the time period required by law, defendant CCA shall issue United States Internal Revenue Service W-2 forms for all payments designated as wage damages with respect to the class members it employed.

16.     Defendants shall mail the checks directly to each class member and intervenor at the addresses supplied by the EEOC.

17.     Payments required by this section are due within 30 calendar days after the defendants receive the address for each intervenor and class member from the EEOC and the court has entered this decree, whichever is later.

18.     Within five business days of issuance of the settlement checks, each defendant shall furnish a copy of each check it issued and any related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona  85012.

19.     Defendants will not condition the receipt of monetary relief on any class member's agreement to: (a) keep the terms of this decree confidential; (b) waive her statutory right to file prospectively a charge with any federal or state anti-discrimination agency; or (c) refrain from applying for employment at defendants' facilities.  Defendant Dominion ceased operating the CCCF on January 17, 2003.  Because charges of discrimination must be filed within 300 days of the last alleged discriminatory act, the parties agree that any charges filed after the date of this decree and based on conduct that occurred during any of the class members' employment would be untimely and subject to dismissal.

20.    Each defendant shall mail its respective letter attached to this decree as Exhibits B or C to each class member the defendant employed, except that neither defendant need send a letter to any class member it employed who did not bring direct claims against it in this action.  These letters shall be mailed within 30 days after the defendants receive class member addresses from the EEOC and the court has entered the decree, whichever is later.

## V.    INJUNCTIVE RELIEF

21.    CCA and its officers, agents, employees, and all persons in active concert or participation with it, are enjoined for the duration of the decree from (a) discriminating against any employee by means of a gender-based hostile work environment and/or sexual harassment and (b) retaliating against any employee because he or she (i) opposed discriminatory practices based on a gender-based hostile work environment and/or sexual harassment made unlawful by Title VII, (ii) filed a charge or is assisting or participating in the filing of a charge of sexual harassment, or (iii) assisted or participated in an investigation or proceeding brought under Title VII based on gender-based hostile work environment, sexual harassment or retaliation.

## VI.    OTHER RELIEF

22.    Personnel files – Within 30 days from the date the Court approves this Consent Decree, CCA shall expunge from the personnel files of each class member employed by CCA and all personnel files of class members in its possession, all references, if any, to the charges of discrimination filed against defendants in this action and her participation in this action, all disciplinary actions resulting in suspensions, and all records related to an involuntary termination, if any.  CCA may provide any such documents to its legal counsel for retention. The obligation to expunge suspension and involuntary termination documents does not apply to

any intervenor or class member whose suspension or involuntary termination occurred after September 29, 2006.

23.    <u>Resignation</u>  - Class members or intervenors whom CCA discharged from employment on or before September 29, 2006, may, within 30 days of entry of this decree, submit to the Warden at the CCCF a letter of resignation.  The letter shall simply state that the class member resigns her employment from CCA effective the date of her discharge.  CCA will place any such resignation letter in the class member's personnel file and remove from the file any documents related to the class member's discharge.  CCA may provide any of the removed documents to its legal counsel for retention.

24.    Defendant Dominion agrees that if Dominion Venture Group or any related company is contacted for references regarding any of the class members, they shall state, "Dominion Correctional Services, LLC is not in business and we do not provide references."

25.    <u>References</u> – Within 30 days of entry of this decree, CCA will provide class members it employed a letter that states the class member's dates of employment with CCA, positions held, and salary or wage at the time the class member's CCA employment ended.  In the event CCA receives a class member's waiver and release from a government employer that permits CCA to disclose the class member's employment records to the prospective employer, and the government employer requests all employment records (as opposed to just requesting the personnel file) for the class member, CCA may provide the prospective governmental employer, without violating this decree, any document removed from the class member's file pursuant to paragraph 22.  If CCA does provide these documents, it shall provide the removed documents separately with a cover sheet indicating that discipline or termination was reversed.

CCA shall also include in its disclosure any class member letter of resignation submitted to CCA in accordance with paragraph 23.

26.    <u>Policy</u> - CCA shall maintain policies and practices that help assure a work environment free from sexual harassment of their employees and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII.  CCA shall also maintain its 1-800 number for reporting complaints during the term of this decree.

27.    <u>Notice</u> - CCA shall post for the duration of this decree, in a prominent place frequented by its employees at the CCCF, the notice attached as Exhibit D.  The notice shall be the same type, style, and size as Exhibit D.

**VII.    <u>TRAINING</u>**

28.    CCA shall provide training on sexual harassment and retaliation in accordance with the terms set forth in this Section VII.

29.    CCA shall retain and pay for a training consultant who shall provide consultation and training for a period of three years from the date of this decree.  This training consultant shall be an attorney specializing in the field of employment discrimination law.  CCA agrees to provide the EEOC the name and qualifications of the individual who will conduct the training.  CCA will obtain the EEOC's approval of the trainer, which approval will not be unreasonably withheld.  During each of the next three years, the training consultant shall conduct one live training session each year.  In addition, the individual responsible for receiving complaints through CCA's 1-800 number shall attend the training and introduce herself and discuss her role in the complaint process and the purpose and availability of the 1-800 number for reporting

complaints.  These training sessions will be focused on how to identify, report, and document sexual harassment and retaliation in the workplace.  A training session held during the first year shall be videotaped and may be used in subsequent training occurring after three years have passed.  All active CCA employees at the CCCF shall attend the live training sessions in each of the three years.  CCA may, at its election, use videotaped sessions to accommodate staffing needs.  In addition to the three live sessions discussed above, during the term of this decree, a videotape of the training shall be shown to each class of the academy as a condition of graduation from CCA's new hire training academy.  CCA shall be responsible for any additional costs to provide such videotaped sessions.

30.     All CCCF human resources and managerial staff (including, but not limited to, lieutenants, sergeants, captains, unit managers, chiefs of security, assistant wardens, wardens, and investigators) will be provided with at least two hours of training on preventing, identifying,  reporting, and responding to sexual harassment and retaliation in the workplace. Employees who are assigned to investigate sexual harassment or retaliation allegations or complaints will also be trained on conducting such investigations.

31.     The training required by this section during the first year shall be conducted within four months of the entry of this decree.  For the second and third years, the training session shall be conducted between ten (10) and thirteen (13) months after the completion of the preceding session.

32.     The live training sessions required by this section shall be no less than ninety (90) minutes, plus fifteen (15) to thirty (30) minutes of time set aside for questions and answers.  All

personnel attending any of the seminars or training shall sign a registry of attendance. CCA shall retain these registries for the duration of this decree.

33.     The training shall cover what constitutes sexual harassment and retaliation; that sexual harassment and retaliation in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment violates Title VII; how to prevent sexual harassment and retaliation; how to provide a work environment free from sexual harassment and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to sexual harassment or retaliation in the workplace.  The session shall also review and explain CCA's policies prohibiting sexual harassment and retaliation in the workplace.

34.     During the live training sessions required by this Section, the warden shall speak to the employees about the discipline that will be taken against supervisors, managers, and employees who commit acts of sexual harassment or retaliation or allow sexual harassment or retaliation to occur in the workplace, the importance of maintaining an environment free of sexual harassment and retaliation, and CCA's policy in regard to sexual harassment and retaliation.

## VIII.   POLICIES

35.     CCA shall maintain a written policy concerning sexual harassment and retaliation that conforms to the law.   The policy CCA maintains during the duration of this decree shall contain at a minimum:

    A.     A clear commitment to a workplace free of sexual harassment and unlawful retaliation;

    B.     Definitions of sexual harassment, both *quid pro quo* and environmental, and retaliation, with relevant examples;

    C.     Encouragement of persons who believe they have been harassed or

subjected to retaliation to come forward;

D.      A description of the consequences, up to and including termination, that may be imposed upon violators of the policy;

E.      A promise of confidentiality to the extent feasible for persons who report that they have been harassed or retaliated against;

F.      An assurance of non-retaliation for witnesses of sexual harassment and persons who report they have been sexually harassed;

G.      That sexual harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

H.      The identification of specific employee positions, with telephone numbers, to whom employees who have observed sexual harassment or have been sexually harassed or retaliated against can report the sexual harassment, including a written statement that the employee may report the harassment to designated persons outside their chain of management;

I.      That employees who discuss sexual conduct or tell sexual jokes while at work may be in violation of CCA's policy and subject to discipline;

J.      Employees who view pornography in the workplace other than for job-related purposes may be in violation of CCA's policy and subject to discipline;

K.      That physical contact of a sexual nature between employees is prohibited on CCA's premises;

L.      Assurances that CCA will investigate sexual harassment and retaliation allegations promptly by appropriate investigators and that CCA will remedy any violations of its policy the investigation reveals;

M.       CCA's sexual harassment and retaliation policy shall be distributed to each current employee within sixty (60) days of the entry of the decree.  These policies shall be distributed to all new employees when hired and reissued to each employee once a year for the term of this decree.  These policies also shall be posted in a prominent place frequented by the employees.

36.     CCA shall inform employees with supervisory authority that failure to enforce the sexual harassment and anti-retaliation policy may result in disciplinary action.  CCA shall institute a procedure which evaluates all employees with supervisory roles on their performance in responding to complaints of sexual harassment and retaliation.  Each of these employees shall be advised that the failure of such an employee to enforce the sexual harassment and anti-retaliation policy may result in disciplinary action.

## IX.     INVESTIGATIONS

37.     CCA shall promptly and appropriately respond to all complaints of sexual harassment and retaliation.  The response must include a finding of whether sexual harassment or retaliation occurred or whether it was unsubstantiated; a credibility assessment, if necessary; interviews of all alleged victims and witnesses identified; and a detailed report of the investigation.  In the event CCA concludes that its sexual harassment or retaliation policy was violated, it shall take prompt and appropriate corrective and remedial action.

38.     CCA shall not retain documents related to any sexual harassment or retaliation investigation in the personnel file of any employee who complains of harassment or retaliation.  All disciplinary actions taken against employees for violation of CCA's sexual harassment or anti-retaliation policy will be retained in that employee's personnel file where a violation is found and discipline is imposed.

39.    During the duration of this decree, the CCCF warden shall report to CCA's ethics compliance office all complaints of a serious violation of CCA's sexual harassment or retaliation policy.  A "complaint of a serious violation" means:

A.    A complaint that includes allegations of physical conduct of a sexual nature in the workplace;

B.    a complaint that includes allegations of *quid pro quo* sexual harassment;

C.    a complaint that includes allegations of repeated sexual advances, requests for sexual favors, and other verbal conduct of a sexual nature if the complaint is the second complaint against the same person.

40.    CCA's ethics compliance office shall assign an experienced investigator to investigate all such serious complaints.  The investigator must not be employed by CCA at the CCCF, but may be a CCA employee employed at CCA's headquarters or other facility.  CCA may also engage the services of an outside investigator.

41.    The investigation shall be conducted in accordance with paragraph 37.

## VII.    <u>REPORTS TO EEOC</u>

42.    CCA shall report in writing to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona  85012, beginning six (6) months from the date of the entry of this decree, and thereafter every twelve months for the duration of the decree, the following information:

A.    Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of sexual harassment and retaliation;

B.     A copy of the videotaped training, which may be a copy of the training without an audience;

C.     The name, address, position, and telephone number of any CCA employee employed at the CCCF who has brought allegations of sexual harassment or retaliation against any CCA personnel at the facility, formal or informal (including complaints to the 1-800 number) as defined in paragraph 39, along with a description of the general nature of the allegations, the investigation date(s), and a description of any corrective action taken.

D.     The registry of persons attending the training required Section VII.

E.     Confirmation that the notice required in paragraph 27 was posted and the locations where it was posted, and that the expungement from the class members' personnel files required in paragraph 22 took place, the date of the expungement, and identification of the specific documents expunged.

SO ORDERED.

s/ Kathryn H. Vratil
_____
United States District Court Judge

October 1, 2009
_____
Date

**APPROVED AS TO FORM AND CONTENT**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By:    _Mary Jo O'Neill_     Date:  _9/30/09_
         Mary Jo O'Neill
         Regional Attorney

14

CORRECTIONS CORPORATION OF AMERICA

By: _____     Date: *September 24, 2009*
      Steven Groom
      Deputy General Counsel


DOMINION CORRECTIONAL SERVICES LLC


By: _____     Date: _____
      James Hunter
      Former Vice President


_____     Date: *9.30.09*
Peter F. Munger
Ford & Harrison LLP
1675 Broadway, Suite 2150
Denver, CO 80202
Attorneys for Corrections Corporation of
America


_____     Date: _____
Daniel R. Satriana, Jr., Esq.
Clisham, Satriana & Biscan, L.L.C.
1512 Larimer Street, Suite 400
Denver, CO 80202
Telephone:  303-468-5402
Counsel for Dominion
Correctional Services, LLC


_____     Date: _____
Barry D. Roseman, Esq.
McNamara, Roseman, Martinez &
Kazmierski, LLP
1640 East 18th Avenue
Denver, CO 80218
Counsel for Plaintiff Intervenors

CORRECTIONS CORPORATION OF AMERICA

By: _____    Date: _____
    Steven Groom
    Deputy General Counsel


DOMINION CORRECTIONAL SERVICES LLC

By: _____    Date: Sept. 23, 2009
    James Hunter
    Former Vice President



                                     Date: _____
_____
Peter F. Munger
Ford & Harrison LLP
1675 Broadway, Suite 2150
Denver, CO 80202
Attorneys for Corrections Corporation of
America

_____    Date: 9/30/09
Daniel R. Satriana, Jr., Esq.
Clisham, Satriana & Biscan, L.L.C.
1512 Larimer Street, Suite 400
Denver, CO 80202
Telephone: 303-468-5402
Counsel for Dominion
Correctional Services, LLC


                                     Date: _____
_____
Barry D. Roseman, Esq.
McNamara, Roseman, Martinez &
Kazmierski, LLP
1640 East 18th Avenue
Denver, CO 80218
Counsel for Plaintiff Intervenors


15

CORRECTIONS CORPORATION OF AMERICA

By: _____    Date: _____
     Steven Groom
     Deputy General Counsel


DOMINION CORRECTIONAL SERVICES LLC


By: _____    Date: _____
     James Hunter
     Former Vice President


_____    Date: _____
Peter F. Munger
Ford & Harrison LLP
1675 Broadway, Suite 2150
Denver, CO 80202
Attorneys for Corrections Corporation of
America

_____    Date: _____
Daniel R. Satriana, Jr., Esq.
Clisham, Satriana & Biscan, L.L.C.
1512 Larimer Street, Suite 400
Denver, CO 80202
Telephone: 303-468-5402
Counsel for Dominion
Correctional Services, LLC

_____    Date: September 25, 2009
Barry D. Roseman, Esq.
McNamara, Roseman, Martinez &
Kazmierski, LLP
1640 East 18th Avenue
Denver, CO 80218
Counsel for Plaintiff Intervenors

# Exhibit A - Class Member Allocations

|     | CLASS MEMBER | Wages | Compensatory |
|-----|--------------|-------|--------------|
| 1.  | Darlene Alvord | 0 | 15,000 |
| 2.  | Nanette Aragon | 10,000 | 10,000 |
| 3.  | Amanda Armstrong Marquez | 0 | 50,000 |
| 4.  | Sabinita Barron | 0 | 130,000 |
| 5.  | Carolyn Baylor | 0 | 5,000 |
| 6.  | Emma Cordova | 30,000 | 70,000 |
| 7.  | Venisha Lopez | 10,000 | 10,000 |
| 8.  | Genevieve Luna | 0 | 100,000 |
| 9.  | Lisamarie Maize | 0 | 40,000 |
| 10. | Marcia Manchego | 15,000 | 50,000 |
| 11. | Janelle Marquez | 0 | 40,000 |
| 12. | Sunni O'Malley | 0 | 50,000 |
| 13. | Christine Newland | 25,000 | 130,000 |
| 14. | Pam Pearce | 7,500 | 7,500 |
| 15. | Shirley Richardson | 0 | 40,000 |
| 16. | Kathleen  Robinson | 7,500 | 7,500 |
| 17. | Dolores Salazar | 0 | 100,000 |
| 18. | Debbie Salas | 0 | 15,000 |
| 19. | Valori Segura | 0 | 60,000 |
| 20. | Balbina Tavarez | 0 | 40,000 |

| 21. | **Catheryn Watkins** | 10,000 | 75,000 |
| 22. | **McNamara, Roseman, Martinez &Kazmierski, LLP** | | 140,000 |

# Exhibit B – Letter from Corrections Corporation of America

Dear _____:

      CCA regrets that you feel that you were treated inappropriately during your employment. Please rest assured CCA remains committed to providing all of its employees with a workplace free of unlawful discrimination.

                            Sincerely,

## Exhibit C – Letter from Dominion Correctional Services, LLC

Dear _____:

      Dominion Correctional Services, LLC regrets that you feel that you were treated inappropriately during your employment.

                         Sincerely

# Exhibit D - Notice

NOTICE TO ALL EMPLOYEES AT CROWLEY COUNTY CORRECTIONAL FACILITY

     Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate against an employee on the basis of sex, including sexual harassment, in the recruitment, hiring, firing, compensation, assignment, or other terms, conditions or privileges of employment.  Sexual harassment includes unwelcome or offensive sexual advances or touching, requests for sexual favors, or other verbal or physical conduct directed at a person because of her/his sex.

     Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices or because he or she has filed a charge of discrimination with any equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

     CCA's policies continue to require compliance with these laws and CCA will not tolerate discrimination against any employee on the basis of sex, including sexual harassment, or retaliate against any employee for complaining about sexual harassment.

     If you believe you have been discriminated against due to your sex, including sexually harassed, or retaliated against we urge to report your complaint immediately to the warden, the facility human resources manager, or the corporate human resources department at **1-866-757-4448.**

     You also have a right to seek assistance from:

         EEOC
         303 East 17th Avenue, Suite 410
         Denver, CO  80203
         Denver Direct Dial:  (303) 866-1359
         Website (national): www.eeoc.gov

         Or

         Colorado Civil Rights Division
         200 W. "B" Street #234
         Pueblo, CO 81003
         (719) 542-1298
         (800) 262-4845